IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| DELIA GARCIA DIAZ, | § | CHAPTER 13 BANKRUPTCY |
| | § | CASE NO.: 05-32961-H1-13 |
| Debtor | § | |
| | § | |
| PATRICIA GARCIA, as Next Friend for | § | |
| VIDAL PARDO, JR., AND BLANCA VIDAL | § | |
| PARDO, DEMETRIA GARCIA AND | § | |
| MICHAEL P. VON BLON | § | |
| | § | |
| Movants, | § | |
| | § | |
| VS. | § | |
| | § | |
| DELIA GARCIA DIAZ, Debtor, and | § | |
| DANIEL EMMETT O'CONNELL, Trustee, | § | |
| | § | |
| Respondents. | § | |

MOTION OF PATRICIA GARCIA, AS NEXT FRIEND FOR VIDAL PARDO, JR., AND
BLANCA VIDAL PARDO, DEMETRIA GARCIA AND MICHAEL P. VON BLON
TO DISMISS CHAPTER 13 CASE OR CONVERT TO CHAPTER 7

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY (20) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THIS NOTICE; OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

TO THE HONORABLE COURT:

Patricia Garcia, as next friend of Vidal Pardo, Jr., and Blanca Vidal Pardo, Demetria Garcia, and Michael P. Von Blon, creditors, make, file and present their Motion to Dismiss Chapter 13 Case or Convert to Chapter 7.

Motion to Dismiss                                                                    1 of 7

## Jurisdiction

1.      On or about 28 February 2005, Debtor filed her Voluntary Petition under Chapter 13 of the United States Bankruptcy Code and Daniel Emmett O'Connell was appointed Trustee.

2.      This Court has jurisdiction by virtue of 11 U.S.C. §§105, 361, 362 and 28 U.S.C. §§1334 and 157 as well as all other applicable rules and statutes affecting the jurisdiction of Bankruptcy Courts generally.

## General Facts Underlying Motion

3.      Movants are judgment creditors of Debtor as a consequence of being owners and holders of a Final Judgment signed and entered on 21 June 2004 by the 80th Judicial District Court of Harris County, Texas, in Cause No. 2001-35678, styled Patricia Garcia, as next friend of minor children, Demetria Garcia, Blanca Pardo and Vidal Pardo, Jr. v. Houston Harris Division Patrol, Inc., Delia Garcia Diaz and Ruben Diaz. A true and correct copy of the Final Judgment is attached hereto as Movants' Exhibit "A."

4.      Movants are secured creditors of Debtor by virtue of an Abstract of Judgment in which the subject matter is the judgment aforesaid, duly filed and recorded in the Abstract of Judgment Records, Harris County, Texas on 2 September 2004 as well as an Amended Abstract of Judgment filed in the official public records of Harris County, Texas on 18 February 2005 under file no. RP 001-772727 and 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. The Abstract of Judgment constitutes a lien on all real non-exempt real property located in Harris County, Texas and owned by Debtor on the date of the recording of the Abstract of Judgment as well as acquired by Debtor subsequent to the recording of the Abstract of Judgment under the provisions of Texas Property Code §52.001.

5.    True and correct copies of the Abstract of Judgment and the Amended Abstract of Judgment are attached hereto respectively as Movants' Exhibits "B" and "C."

### Debtor is Not Eligible for Chapter 13 Proceeding

6.    On 28 February 2005, the date of the filing of Debtor's Voluntary Petition, Debtor's secured debts exceeded the $922,275.00 maximum limitation for secured debts as provided in 11 U.S.C. §109(e). Consequently, Debtor was and continues to be not eligible to be a Debtor under Chapter 13 of Title 11, United States Code.  More specifically, on the date of the filing of Debtor's Voluntary Petition, the Final Judgment underlying Movants' Abstract of Judgment Lien as well as the Deed of Trust Lien of Maxie Strong aggregated in a sum of approximately $1,764,477.45 of which the principal on Movants' Abstract of Judgment Lien consisted of  $1,500,000.00, interest amounted to $51,370.00 and costs of court were in the sum of $3,107.45.

7.    On 1 April 2005, Debtor filed her Schedules, Statement of Financial Affairs and Plan. Among other matters, Debtor in her Schedule A- Real Property, listed fee simple ownership of the following non-exempt real properties:[1]

| Description | Debtor's Interest | Market Value | Secured Claim |
|---|---|---|---|
| 4670 Telephone Road Houston, Texas 77087 | Fee Simple | $200,000.00 | $210,800.00 |
| 5618 Telephone Road Houston, Texas 77087 | Fee Simple | $100,000.00 | $0 |
| 4678 Telephone Road Houston, Texas 77087 | Fee Simple | $80,000.00 | $0 |

---

[1] Although Debtor and her counsel had actual knowledge of Movants' Abstract of Judgment Lien, Debtor failed to reflect the Abstract of Judgment Lien in her Schedule A- Real Estate. Instead, Debtor listed only the Judgment in Schedule F as a contingent and disputed claim of an unknown amount. Nevertheless, in item 4 of her Statement of Financial Affairs, Debtor reflects the judgment as being $1,500,000.00.

Predicated upon Debtor's real property schedule, Maxie Strong's Deed of Trust Lien is secured to the extent of $200,000.00 and undersecured to the extent of $10,000.00; Debtor's Abstract of Judgment Lien was secured to the extent of $180,000.00 and under secured to the extent of $1,374,477.45.  Consequently, under the provisions of 11 U.S.C. §109(e), Debtor's unsecured debts exceeded the maximum limitation permitted for unsecured debts of $307,675.00. Therefore, under such analysis, Debtor was and continues to be not eligible to be a Debtor under Chapter 13 of Title 11, United States Code.

8.      Moreover, even if Movants' claim is entirely unsecured, Movants' claim exceeds the maximum permitted unsecured claim limit of $307,675 as provided in 11 U.S.C. §109(e).[2]

9.      Disregarding the values as scheduled by Debtor on her Schedule A- Real Property, predicated upon the appraised values of Debtor's non-exempt real property as determined by the Harris County Appraisal District, Debtor under any analysis was and continues to be not eligible to be a Debtor under 11 U.S.C. §109(e). More specifically, the appraised values of the Harris County Appraisal District in effect on the date of the filing of Debtor's Voluntary Petition are as follows:

| Description | Market Value | Secured Claim |
|---|---|---|
| 4670 Telephone Road Houston, Texas 77087 | $150,180.00 | $210,800.00[3] |

---

[2] Although Debtor and her counsel had actual knowledge of the amount of Movants' Final Judgment and Abstract of Judgment Lien claim, Debtor listed Movants' claim on Schedule F as a contingent disputed claim of an unknown amount. Nevertheless, in item 4 of her Statement of Financial Affairs, Debtor reflects the judgment as being $1,500,000.00.

[3] Harris County Appraisal District does not include lien information. Debtor's statement of lien is included for completeness of analysis.

| | | |
|---|---|---|
| 5618 Telephone Road<br>Houston, Texas 77087 | $199,930.00 | $0 |
| 4678 Telephone Road<br>Houston, Texas 77087 | $82,000.00 | $0 |

Predicated upon the foregoing, on the date of filing Debtor's Petition, Maxie Strong's Deed of Trust Lien was secured to the extent of $150,180.00 and unsecured to the extent of $60,620.00. Movants' Abstract of Judgment Lien was secured to the extent of $282,480.00 and undersecured in the amount of $1,271,997.45. Therefore, Debtor's unsecured claims exceed the maximum permitted under 11 U.S.C. §109(e).  True and correct copies of the Harris County Appraisal District real property account information for each property is attached hereto respectively as Exhibits "D," "E" and "F."

10.   On 7 September 2004, Debtor, upon her oath and in her oral deposition in Cause No. 2001-35678 aforesaid, testified to the following values regarding her non-exempt real property which Debtor listed in her Schedule A- Real Property filed herein:

| Description | Debtor's Valuation | Liens |
|---|---|---|
| 4670 Telephone Road<br>Houston, Texas 77087 | $500,000.00 | $250,000.00 |
| 5618 Telephone Road<br>Houston, Texas 77087 | $150,000.00 | $0 |
| 4678 Telephone Road<br>Houston, Texas 77087 | $80,000.00 | $0 |

Predicated upon the Debtor's valuations, on the date of the filing of her Voluntary Petition, Maxie Strong's Deed of Trust Lien was fully secured. Movants' Abstract of Judgment Lien was secured to the extent of $480,000.00 and undersecured in the amount of $1,074,477.45. Therefore, Debtor's unsecured claims exceed the maximum permitted

under 11 U.S.C.§109(e).  A true and correct copy of the referenced deposition testimony of Debtor is attached as Exhibit "G."

11.    The Affidavit of Michael P. Von Blon, Esq., in support of this Motion is attached hereto as Exhibit "H."

12.    As a consequence of Debtor's  lack of eligibility under 11 U.S.C. §109(e) to file a Chapter 13 proceeding under Title 11, United States Code, this court should dismiss Debtor's Chapter 13 case without prejudice or alternatively convert Debtor's Chapter 13 case to a Chapter 7.

**WHEREFORE PREMISES CONSIDERED,** Movants pray the sufficiency of their Motion to Dismiss; that Debtor's case be in all things dismissed with prejudice; alternatively that Debtor's Chapter 13 case be converted to a Chapter 7; and for such other and further relief to which Movants may show themselves entitled at law or in equity.

Respectfully submitted,

/s/ Dale Ossip Johnson
Dale Ossip Johnson, Esq.
Texas State Bar No. 10700000
Federal ID No. 12010

THE JOHNSON FIRM, P.L.L.C.
230 The Esprit Building
515 Capital of Texas Hwy S.
Austin, Texas 78746

ATTORNEY FOR PATRICIA GARCIA, AS NEXT FRIEND FOR VIDAL PARDO, JR., BLANCA PARDO, DEMETRIA GARCIA AND MICHAEL P. VON BLON

Telephone:512-328-7764
Fax:    512-328-0347
Email: ossip@swbell.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was on the 22nd day of June, 2005, served upon the parties named below by depositing the same in the U.S. mail, postage prepaid and properly addressed, electronic document transfer, electronic case filing, or hand delivery:

Maxie Strong
6025 Clover Ridge St.
Houston, TX 77087

Daniel Emmett O'Connell
Office of the US Chapter 13 Trustee
1200 Hwy. 146 South Ste. 100
P. O. BOX 13
La Porte, TX  77572-0013

Delia Garcia Diaz
1415 Somercotes
Channelview, TX 77530
Debtor

Pete W. Weston
Attorney at Law
3100 Weslayan
Ste. 150
Houston, TX 77027
Attorney for Debtor

Department of Treasury- IRS
INTERNAL REVENUE SERVICE
1919 Smith Street
Stop 5022 HOU
Houston, Texas 77002

Internal Revenue Service
1919 Smith, Stop 5024 HOU
Houston, Texas 77002

/s/ Dale Ossip Johnson
Dale Ossip Johnson, Esq.
